IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(SOUTHERN DIVISION)

| | |
|---|---|
| JOHN J. MOSER,          )<br>                         )<br>     Plaintiff,        )<br>v.                       )     Civil Action Number<br>                         )<br>EQUIFAX INFORMATION SERVICES, LLC;  )<br>EXPERIAN INFORMATION SOLUTIONS,     )     _____<br>INC.; AND JPMORGAN CHASE & CO. D/B/A )<br>CHASE BANK USA, N.A.,               )<br>                         )<br>     Defendants.       )| |

## COMPLAINT

COMES NOW the plaintiff, JOHN J. MOSER, by and through his undersigned counsel, and for his complaint alleges as follows:

### PRELIMINARY STATEMENT

1.  This is an action for an actual, statutory and punitive damages, costs and attorneys' fees pursuant to 15 U.S.C. §1681, *et seq*. (Fair Credit Reporting Act).

### JURISDICTION & VENUE

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

1

4. Plaintiff is resident of the state of Alabama and resides within this judicial district.

5. Plaintiff is a "consumer" as defined by §1681a(c).

6. Equifax Information Services, LLC ("Equifax") is a Georgia corporation with its principal place of business in the state of Georgia. Equifax does business in this judicial district. Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. §1681a(f).

7. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business in the state of California. Experian does business in this judicial district. Experian is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. §1681a(f).

8. Experian, Equifax and Trans Union are referred to collectively throughout the Complaint as the "CRA Defendants." The CRA Defendants regularly engage in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined by 15 U.S.C. §1681a(f) to third parties.

9. The CRA Defendants disburse consumer reports to third parties of contract for monetary compensation.

10. Defendant, JPMorgan Chase & Co. d/b/a Chase Bank USA, N.A. ("Chase" or "Furnisher"), is a foreign corporation with its principal place of

2

business in the state of New York. Chase regularly conducts business in this judicial district.

11. Chase provides consumer credit information to CRAs, including to the CRA Defendants. Chase is a "person" as contemplated by 15 U.S.C. §1681a(b). Chase is a furnisher as contemplated by 15 U.S.C. §1681s-2.

## FACTUAL ALLEGATIONS

12. Defendants have been reporting derogatory and inaccurate information relating to Plaintiff and Plaintiff's credit history to third parties.

13. The derogatory and inaccurate information includes, but is not limited to the trade line identified as CHASE/BANK ONE CARD SERV and with the account number 8900 (hereinafter "the Account").

14. The Account negatively reflects on Plaintiff, his credit repayment history, financial responsibility as a debtor and his credit worthiness.

15. The CRA Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information.

16. The CRA Defendants have disseminated consumer reports to various persons and credit grantors, which included the Account.

17. Plaintiff disputed the Account to the CRA Defendants from April 2012 through the present.

18. Thereafter, the CRA Defendants sent Plaintiff written communications indicating their intent to continue publish and disseminate the derogatory Account information.

19. At all times relevant hereto, the CRA Defendants published and disseminated consumer reports concerning or relating to the plaintiff to third parties. At least one of those consumer reports included the Account.

20. The CRA Defendants did not request additional information from the plaintiff concerning the Account.

21. The CRA Defendants did not contact third parties that would have relevant information concerning Plaintiff's disputes.

22. Other than an Automated Dispute Verification form ("ACDV"), the CRA Defendants did not request or obtain any documents, including business records, credit applications, proof of payment, correspondence between the furnisher of the Account and Plaintiff, or other relevant documents from the furnisher of the Account.

23. The CRA Defendants have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have more relevant information concerning Plaintiff's disputes; or (3) forwarded relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information.

24. The CRA Defendants failed to remove or suppress the disputed information.

25. The CRA Defendants failed to note the disputed status of the Account.

26. The CRA Defendants have continued to report the Account as past due and with a balanced owing.

27. The Account is currently being reported with a derogatory status and a balance owed by Defendant Equifax.

28. The Account is currently being reported with a derogatory status and a balance owed by Defendant Experian.

29. Notwithstanding Plaintiff's disputes, Chase has also failed to conduct timely and reasonable reinvestigations of Plaintiff's disputes after being contacted by CRAs concerning Plaintiffs disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the Account as disputed.

30. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies,

have failed to note the disputed status of the Account and have continued to report derogatory inaccurate information about the Plaintiff.

31. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, reduction in cash limits, reduction in credit limits, harm to credit reputation and credit score, out of pocket expenses, and emotional distress, including humiliation and embarrassment.

32. At all times relevant hereto, Defendants were acting through their agents, servants and/or employees who were acting within the scope of their employment or agency, or both, and under the direct supervision of said defendants.

33. At all times relevant hereto, Defendants' conduct was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the Plaintiff's rights.

**COUNT ONE – VIOLATION OF THE FAIR CREDIT REPORTING ACT
(EQUIFAX - VIOLATION OF §1681i)**

34. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

35. Equifax is liable to Plaintiff for willfully and negligently failing to comply with §1681i, pursuant to §§1681n and o.

36. Equifax violated §1681i on multiple occasions by failing to: delete disputed information from Plaintiff's credit file after receiving actual notice of

such inaccuracies; conduct a lawful investigation; forward all relevant information to the furnisher of the Account; maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

37. Equifax's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

38. Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

39. Wherefore, Plaintiff seeks judgment in his favor against Equifax, based on the following relief requested:

    (a) Actual damages;

    (b) Statutory damages;

    (c) Punitive Damages;

    (d) Costs and reasonable attorneys' fees; and

    (e) Such other and further relief as may be necessary, just and proper.

**COUNT TWO - VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**(Equifax – Violation of §1681e(b))**

40. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

41. Equifax is liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act §1681e, pursuant to §§1681n and o.

42. Equifax violated §1681e by failing to establish or follow, or both, reasonable procedures to assure the maximum accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

43. Equifax's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

44. Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

45. Wherefore, Plaintiff seeks judgment in his favor against Equifax, based on the following relief requested:

    (a) Actual damages;

    (b) Statutory damages;

    (c) Punitive Damages;

    (d) Costs and reasonable attorneys' fees; and

    (e) Such other and further relief as may be necessary, just and proper.

**COUNT THREE – VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**(EXPERIAN - VIOLATION OF §1681i)**

46. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

47. Experian is liable to Plaintiff for willfully and negligently failing to comply with §1681i, pursuant to §§1681n and o.

48. Experian violated §1681i on multiple occasions by failing to: delete disputed information from Plaintiff's credit file after receiving actual notice of such inaccuracies; conduct a lawful investigation; forward all relevant information to the furnisher of the Account; maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

49. Experian's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

50. Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

51. Wherefore, Plaintiff seeks judgment in his favor against Experian, based on the following relief requested:

   (a) Actual damages;

   (b) Statutory damages;

   (c) Punitive Damages;

   (d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

## COUNT FOUR - VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Experian – Violation of §1681e(b))

52. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

53. Experian is liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act §1681e, pursuant to §§1681n and o.

54. Experian violated §1681e by failing to establish or follow, or both, reasonable procedures to assure the maximum accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

55. Experian's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

56. Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

57. Wherefore, Plaintiff seeks judgment in his favor against Experian, based on the following relief requested:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive Damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

## COUNT FIVE – VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Chase – Violation of §1681s-2(b))[1]

58. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

59. Chase is liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act §1681s-2(b), pursuant to §§1681n and o.

60. Chase's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

61. Chase is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

62. Wherefore, Plaintiff seeks judgment in his favor against Chase, based on the following relief requested:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive Damages;

(d) Costs and reasonable attorneys' fees; and

---

[1] Plaintiff is not making a claim against Chase for violation of 15 U.S.C. §1681s-2(a).

(e)     Such other and further relief as may be necessary, just and proper.

## JURY TRIAL DEMAND

63.   Plaintiff demands trial by jury on all issues so triable.

Dated:      March 25, 2014

Respectfully submitted,

**s/ Micah S. Adkins**
Micah S. Adkins (ASB-8639-I48A)
BURKE HARVEY, LLC
2151 Highland Avenue, Suite 120
Birmingham, AL  35205
Telephone:  205.747.1907
Facsimile:   205.930-9054
Email:        madkins@burkeharvey.com